**Petition of REPUBLIC OF UNITED STATES OF BRAZIL.**

**THE POCONE.**

**No. 16499.**

United States District Court
E. D. New York.

May 5, 1950.

Bigham, Englar, Jones & Houston, New York City, for claimants.

Purrington & McConnell, New York City, for petitioner.

KENNEDY, District Judge.

This case arose in the early part of 1942 with the filing of libels by various cargo damage claimants. On April 2, 1942 Lloyd Brasileiro, the owner of the accused ship, filed its petition for exoneration or limitation. There ensued calendar delays but a decree was finally handed down on June 13, 1946 by the late Judge Moscowitz. On February 28, 1947 an interlocutory decree on mandate from the Circuit Court of Appeals, as it then was, was signed and hearings proceeded before the commissioner appointed by Judge Moscowitz. Adjournments were had from time to time, because of the necessity of taking depositions in Brazil. On February 2, 1950 the commissioner filed his report which was confirmed on April 13, 1950. A judgment is now pro-

posed on behalf of the cargo claimants, and a cross-judgment has been submitted. The issue is whether claimants should have interest in full, as they contend, or should be penalized for delay by the allowance of only half of the accrued interest.

The papers submitted in connection with the settlement of the judgment are voluminous, but the issue to be determined is clear-cut and simple, namely, whether the claimants have been so dilatory that they should collectively be penalized in the amount of $137,000 for the alleged delay.

It would serve no purpose to review the merits of the controversy, see Great Atlantic & Pacific Tea Co. v. Lloyd Brasileiro, 2 Cir., 1947, 159 F.2d 661, as well as the opinion filed by myself on April 13, 1950, 91 F.Supp. 961.

It seems to me that the liability of the petitioner to the cargo claimants was always clear and that the lengthy hearings before the commissioner, as well as the necessary preparation for those hearings, were made necessary because of petitioner's insistence on technical record proof of the condition of the cargo at the time of shipment. Petitioner had ample means and opportunity, far greater than those of the cargo claimants, to ascertain in Brazil whether the cargo, or any very large part of it, was of the quality and in the condition claimed, yet it insisted upon meticulous and detailed presentation of the facts before the commissioner. In view of the very large amount of money involved, it is no wonder that the cargo claimants, who have ultimately prevailed, were at pains to stop every possible gap.

A fair example of what I mean is the claim of the Great Atlantic & Pacific Tea Company which was allowed at the amount of $230,543.76. Proof concerning this claim was taken before the commissioner, and when the report came on for confirmation petitioner conceded that there was no question about the commissioner's finding. The interest allowance on this item in full is $115,271.88, yet petitioner by its proposed judgment would reduce this item to $57,-635.94. In other words, it would penalize claimant Great Atlantic & Pacific Tea Company in an amount in excess of $50,-000., although after putting that claim to its proof petitioner conceded that there was no quarrel with the amount of the claim as allowed. In the Court of Appeals' decision, which I have cited above, there is something very like a *caveat* by Judge Learned Hand, addressed to the petitioner, concerning the difficulty it faced in litigating the damage question. True, Judge Hand was speaking of the difficulty in segregating damage arising from several possible causes, whereas the litigation before the commissioner concerned itself with proof of good order and condition at delivery.

I acknowledge that it is deplorable to find some eight years elapse between the commencement of suit and the rendition of a final decree, but it is impossible on this record to find unreasonable delay by the claimants and it would be unjust to deprive them of their interest.

I have signed the judgment proposed by claimants.