## AABY et al. v. STATES MARINE CORP.

United States District Court
S. D. New York.

Dec. 6, 1951.

RYAN, District Judge.

This suit comes on before us on exceptions filed by both libelants and respondent to the Report of the Commissioner assessing damages. The decision of the trial judge is reported, D.C., 80 F.Supp. 328, affirmed 2 Cir., 181 F.2d 383.

The Commissioner has found that the libelants "refused the offer of $1.50 per ton made by States." We find nothing in the record which would justify the rejection of this finding as clearly erroneous. No objection was raised by libelants urging that the offer was rejected because made by one who had defaulted on its prior undertaking. Cf. Canadian Industrial Alcohol Co. v. Dunbar Molasses Co., 258 N.Y. 194, 179 N.E. 383, 80 A.L.R. 1173. The position of the libelants is that no such offer was in fact made, and as to this, we have a contrary finding by the Commissioner based upon sufficient evidence to support it.

But, disregarding this finding with reference to the offer of the respondent, it appears that the Commissioner found that the libelants "delayed acceptance of other comparable offers until they were withdrawn or awarded to other more alert competitors." He also found that the offer of States of $1.50 per ton was at the "prevailing rate in early 1938." These additional findings remove all possible objection to adopting the $1.50 per ton rate as the measure of damage libelants sustained. To this extent, libelants have sustained their burden of proof.

The Commissioner also found "that in the early part of 1938 Aaby sought to obtain charters of his vessel only for short voyages, refused to accept offers which were consonant with the prevailing market, and eventually was forced to fix his vessel at rates below those available to him at the outset." When the libelants decided to await a possible rise in the market, they were gambling at their own risk. "Damages are not recoverable for harm that the plaintiff should have foreseen and could have avoided without undue risk, expense or humiliation." Re-statement Law of Contracts, Sec. 336–(1).

Haight, Deming, Gardner, Poor & Havens, New York City, James M. Estabrook and David P. H. Watson, New York City, of counsel, for libelants.

Kirlin, Campbell & Keating, New York City, Charles R. Hickox and James H. Herbert, New York City, of counsel, for respondent.

██ The damage to a shipowner upon breach of a time charter is not, as libelants contend, "the difference between what he did earn and what he could have earned during the time that would have been required to fulfill the charter of which he was wrongfully deprived." Rather, as stated in Ainesworth Coal & Iron Co. v. Trafikaktiedolaget Grangesberg Oxelosund, 4 Cir., 287 F. 291, at page 296,

"The correct rule for estimating damages in this class of cases is that the shipowner is entitled to the net amount that would have been earned under the charter sued on, less the net amount actually earned, or which could with reasonable diligence have been earned during the time required in the voyage named in the charter. The Gazelle, and Cargo, 128 U.S. 474, 487, 9. S.Ct. 139, 32 L.Ed. 496; McNear v. Leblond, 9 Cir., 123 F. 384, 389; Venus Shipping Co. v. Wilson, 2 Cir., 152 F. 170, 171; Smith v. McGuire, 3 Hurl. & N. 554."

The amount actually earned may or may not have been equal to the amount "which could with reasonable diligence have been earned". Here, it was respondent's contention that it was substantially less; it was a contested issue of fact on which the Commissioner found for respondent. It does not appear to be clearly erroneous.

Respondent has objected to the disallowance of two days' credit in hire during 1938 and to the disallowance of 2½% address commission provided for in the charter. These objections, with the consent of libelants, are sustained and the Commissioner's report is so amended.

██ Respondent has also objected to the allowance of interest as made at the rate of 6% per annum. The trial court, in its opinion, wrote that "prosecution (of this suit) was considerably delayed by the war" [80 F.Supp. 329]; it also recounted in part the family history of the individual libelants and noted the death of the several prior owners of the chartered vessel. All of these occurrences undoubtedly contributed in occasioning delay of the suit. We find no evidence to support a finding that there was such an unreasonable delay as would justify the disallowance or reduction of the interest allowed. The Pocone, D.C., 91 F.Supp. 964, 1950 A.M. C. 995.

Judgment is granted libelants with interest at 6% determined as provided for in the charter, but calculated at the rate of $.50 per ton; with credit to respondent for 4 days, 9 hours, 40 minutes, and 2½% address commission. If the parties agree to stipulate on computation they may do so; if not, let them appear and computation will be made by the court.

A decree may be settled confirming the Commissioner's report except as herein noted.